# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DELANDA,<br><br>              Plaintiff,<br><br>     v.<br><br>COUNTY OF FRESNO,<br><br>              Defendant.<br>_____ / | CASE NO. 1:10-cv-01857-AWI-SKO<br><br>**ORDER ON PLAINTIFF'S MOTION<br>TO COMPEL**<br><br>(Docket No. 37) |

## I.   INTRODUCTION

On December 9, 2011, Plaintiff filed a motion to compel Defendant to provide further responses to two separate discovery requests seeking the production of documents. (Doc. 37.)

On January 10, 2012, the Court, after having reviewed the parties' joint statement regarding the discovery dispute ("Joint Statement") (Doc. 40), held a telephonic conference to narrow the scope of the parties' dispute and to provide assistance in resolving the matter. (*See* Doc. 45.) After discussing the issues presented by the motion and the Joint Statement, the Court provided the parties with a tentative ruling on the motion and directed the parties to meet and confer in an attempt to resolve their dispute. (*See* Doc. 46.) The parties met and conferred following the telephonic conference and filed a supplemental Joint Statement regarding their dispute. (Doc. 47.)

In their supplemental Joint Statement, the parties indicated that they had resolved their dispute with respect to Plaintiff's Request for Production ("RFP") No. 9, Set One, and requested that the motion with respect to RFP No. 9 be "taken off calendar without prejudice." (Doc. 47, 1:20-2:10.) In resolving their dispute, the parties also agreed to the terms of a protective order as it relates to the production of confidential information, which they have submitted for the Court's approval. Further, the parties indicated they had resolved most of the issues with regard to RFP No. 12, Set Two, but requested that the Court clarify the degree to which documents responsive to RFP No. 12 may be redacted by Defendant to address privacy concerns. (Doc. 47, 2:11-21.)

For the reasons set forth below, Defendant shall produce documents responsive to Plaintiff's RFP No. 12, Set Two, subject to the parties' stipulated protective order and redaction of the names of any third parties involved in the circumstances leading to any incident reports related to Mr. Sanchez.

## II.   DISCUSSION

This cases arises out of actions taken by the County of Fresno Probation Department (the "Department") with respect to Plaintiff, an employee of the Department since June 28, 1999. (Doc. 1, ¶ 3.) Prior to May 2009, Plaintiff had achieved positions with the Department as a Force Options Instructor ("FOI"), and he had successfully competed for the position of Range Master. (Doc. 1, ¶ 4.) In May 2009, Plaintiff participated in an investigation of a race discrimination complaint filed by a coworker. (Doc. 1, ¶ 5.) Plaintiff asserts in his complaint that he provided the investigator with truthful information regarding the race discrimination complaint that was unfavorable to the Department. (Doc. 1, ¶ 6.) Plaintiff alleges that on June 12, 2009, the Department retaliated against him by relieving him of his duties as an FOI and the "position of Range Master was withdrawn." (Doc. 1, ¶ 7.) Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") asserting retaliation on the part of the Department.

In a letter to DFEH regarding Plaintiff's discrimination complaint, the Department set forth the reasons for its decision to remove Plaintiff from his FOI position and for withdrawing the Range Master position. (Doc. 41, pp. 23-27.) The Department asserted that Plaintiff's removal from the FOI position "was the result of [Plaintiff's] inappropriate conduct." (Doc. 41, p. 24.) Specifically,

2

the Probation Division Director received two memoranda on December 22, 2008. (Doc. 41, p. 24.) The first memorandum was from a witness who indicated that intimidating behavior was exhibited on the part of instructors teaching a class, one of whom was Plaintiff. (Doc. 41, p. 24.) The second memorandum was provided by a witness who complained of being the target of humiliation and belittling by instructors, including Plaintiff. (Doc. 41, p. 24.)  The Probation Division Director determined that Plaintiff "was not conducting himself in a manner considered appropriate for a department instructor, and so he was removed from the assignment." (Doc. 41, p. 24.)

Additionally, in May 2009 an email was sent to Plaintiff inquiring as to his availability to teach a class in his capacity as an FOI on June 24, 2009. (Doc. 41, p. 24.) Plaintiff did not respond to this request until approximately five weeks later. (Doc. 41, p. 24.) The Department explained that "[b]ecause of the large number of Force Options classes the Department provides and the relatively small number of trained department instructors, responsiveness to management is critical to ensure a continual stream of successful courses.  The inability or unwillingness to respond promptly to management requests . . . [has a] negative effect . . . ." (Doc. 41, p. 24-25.)

Thus, on June 11, 2009, the Department notified Plaintiff that he was "being removed as a Force Options Instructor . . . Because it was not a disciplinary matter but rather a change in assignment, the Department did not feel it was necessary to inform [Plaintiff] of the memos and e-mails that caused concern about his appropriateness to act as a Force Options Instructor." (Doc. 41, p. 25.) Finally, with regard to the Range Master position, Plaintiff was informed he would not be attending the Range Master school because of budget issues. (Doc. 41, p. 25.) Without that training, Plaintiff could not work as a Range Master. (Doc. 41, p. 25.) In its letter to DFEH, Defendant maintained that budget issues, not discriminatory motives, were the reasons why Plaintiff was not selected for the Range Master position. (Doc. 41, p. 25.)

Ultimately, Plaintiff filed suit against the Department for retaliation in removing him from his FOI position and withdrawing the Range Master position. During the course of discovery, Plaintiff propounded on Defendant the following request for production of documents, and Defendant provided the following response:

///

**REQUEST NO. 12**:

All Incident Reports concerning Martin Sanchez in his role as Force Options Instructor.

**RESPONSE TO REQUEST NO. 12**:

Responding party objects to this request on the ground that it is vague, ambiguous, overbroad in terms of scope and time. Responding party further objects to this request on the ground that it seeks production of documents which are subject to and protected by the third party's rights to privacy guaranteed by both the state and federal constitutions. Responding party further objects to this request on the ground that it seeks the production of confidential personnel records of a third party correctional officer which are protected under the Peace Officer's Bill of Rights, California Evidence Code section 1043 and California Code of Civil Procedure section 1798.3. Based on the foregoing objections, no documents will be produced.

In his section of the original Joint Statement, Plaintiff explained that he is entitled to seek information regarding incident reports related to Martin Sanchez. (Doc. 40, 9:1-12.) Specifically, Plaintiff asserted that there were complaints about Martin Sanchez relating to his position as an FOI but that Mr. Sanchez was not removed from his FOI position. (Doc. 40, 9:1-12.) Plaintiff seeks information about any complaints and subsequent incident reports related to Mr. Sanchez to show that, although Mr. Sanchez received similar complaints as Plaintiff in his capacity as an FOI instructor, Mr. Sanchez was not removed from his FOI position. (Doc. 40, 9:1-12.) Plaintiff asserts that removing him from his FOI position on ground that there were complaints about Plaintiff's conduct was merely pretext for discriminatory conduct, i.e., retaliation. (Doc. 40, 9:9-12 ("A factfinder could find that the fact that Mr. Sanchez was not removed from his position while Plaintiff was removed, constitutes strong evidence of discriminatory treatment, hence retaliation.").)

Information about incidents related to Mr. Sanchez' conduct in his position as an FOI is relevant to Plaintiff's claim. However, Defendant objected to production of any incident reports regarding Mr. Sanchez on ground that the documents were protected by Mr. Sanchez' privacy interests as well as the privacy interests of any third party who complained about Mr. Sanchez' conduct in the FOI position.

After balancing the interests of Mr. Sanchez and any third parties involved as well as Plaintiff's interests in discovering information related to his case, production of these incident reports is required. *See Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (overruled on other grounds); *see also*, *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309485,

4

*6 (E.D. Cal. Jan. 30, 2007) (privacy involves a balancing of interests under federal law). The Court informed the parties at the January 10, 2012, telephonic conference that production of documents responsive to RFP No. 12 would be required, but the privacy interests of the third parties would require production subject to a protective order as well as redaction of the records that would serve to protect the identity of any third party who complained about Mr. Sanchez' conduct. The Department indicated that redaction of the names alone may not be sufficient because there may be identifying details that would nonetheless indicate the identity of any third party who complained about Mr. Sanchez' conduct. (Doc. 40, p. 16:12-14 ("Further, a redaction of the complaining party's name is insufficient as the identity of the person may be ascertained based on the content."))

Redaction of the names of any complaining third party is appropriate. To the extent that the identity of the complaining party can be nevertheless ascertained through details of the report, the stipulated protective order provides adequate protection of the privacy interests involved by limiting disclosure of the information "to the parties, their counsel of record and their legal staff, and the finder of fact at the time of trial subject to the Court's ruling on in limine motions and objections of counsel." The Court finds that production under these circumstances strikes a balance between the privacy rights implicated and Plaintiff's interest in a fair resolution of the lawsuit. *See Cook*, 132 F.R.D. at 551.

### III. CONCLUSION

For the reasons set forth above, Defendant shall produce any documents responsive to Plaintiff's RFP No. 12, subject to the terms of the protective order to which the parties have stipulated and subject to redaction of the names of any third parties involved. Further, the Court does not find a basis for the imposition of sanctions related to this motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel with respect to Request for Production No. 9 has been resolved by the parties and the motion in that regard is taken off calendar without prejudice, as requested by the parties;

2. Plaintiff's motion to compel with respect to Request for Production No. 12 is GRANTED IN PART as the ordered production is subject to the parties' stipulated

5

protective order and necessary redaction as provided above;

3. Plaintiff's request for sanctions is DENIED; and

4. The hearing set for January 25, 2012, is VACATED.

IT IS SO ORDERED.

Dated:    January 23, 2012                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE