IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY DELANDA, | ) | 1:10-cv-1857 AWI SKO |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTION FOR PARTIAL |
| COUNTY OF FRESNO DEPARTMENT | ) | SUMMARY JUDGMENT |
| OF PROBATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is an employment retaliation claim brought by Plaintiff Anthony Delanda ("Delanda") against his current employer, Defendant County of Fresno ("the County"). The operative complaint is the First Amended Complaint. Delanda alleges causes of action for *inter alia* retaliation under 42 U.S.C. § 2000e-3(a) and California Government Code § 12940(h). Delanda now moves for partial summary judgment on the issue of whether his removal from the position of Force Options Instructor by the County constitutes an "adverse employment action." For the reasons that follow, Delanda's motion will be granted.

**FACTUAL BACKGROUND**[1]

    Delanda was hired by the County in June 1999, and was promoted to Supervising

---

[1] "JUMF" refers to Joint Undisputed Material Facts, and "DUMF" refers to Defendant's Undisputed Material Facts.

Juvenile Correctional Officer in June 2006.  See Delanda Depo. 14:10-19.  At some point (which appears to be around 2004, see Delanda Depo. 175:21-23), Delanda became the Force Options Instructor ("FOI") for the County.  The FOI is an at will, auxiliary position which carries with it no added benefits.  DUMF's 1, 5.  Delanda was removed from his position as FOI on June 11, 2009.  JUMF 1.[2]  As the FOI, Delanda essentially had developed the Force Options Instruction Program for the County and earned substantial income on the side as an expert witness in force options.  See Delanda Depo. 35:24-36:19, 63:2-14, 175:14-180:5.  While the County contends that the removal of Delanda as the FOI was not a disciplinary act, see DUMF 6, the County stated to the California Department of Fair Employment and Housing that "the removal was the result of inappropriate conduct."  Request For Admissions Ex. 1.  The removal of Delanda as the FOI did not result in a reduction of pay or benefits, or loss of seniority with respect to Delanda's employment with the County as a Supervising Juvenile Corrections Officer.[3]  DUMF 2.  Delanda suffered a loss of prestige/loss of credibility and reputation as a potential expert witness because of his removal from the FOI position.[4]  See  Delanda Depo. 160:2-161:3.

Delanda earned overtime compensation working as the FOI.  See JUMF 2; JUMF 7.[5]  In his position as a Supervising Juvenile Correction Officer, Delanda has the ability and opportunity to earn overtime outside/irrespective of the FOI auxiliary position.  See DUMF 4.  Overtime hours were available to Delanda in his capacity as a Supervising Juvenile Correctional Officer both before and after his removal as a FOI.  DUMF 8.  From September 2007 through May 31,

---

[2] For purposes of context only, Delanda contends that the removal from the FOI position was in retaliation for his objections that the treatment of another officer by the County was racially motivated.

[3] Additionally, the County contends that Delanda's removal as the FOI has had no impact on his career. DUMF 3.  Delanda objects that the testimony that this fact relies upon is unsupported opinion evidence.  The evidence cited is a segment from the deposition of Linda Penner, and the County has not responded to Delanda's objection.  The Court will sustain the objection.  Only one page of Penner's testimony is provided, and, more importantly, there is no explanation of who Penner is or how she can offer relevant opinions or evidence regarding Delanda's career.  DUMF 3 will not be considered in resolving this motion.  See Fed. Rs. Evid. 401, 602, 701, 702.

[4] However, there is no evidence that those who decided to remove Delanda as the FOI knew about his work as an expert witness.

[5] There is an ostensible dispute regarding the amount of overtime that Delanda earned as the FOI.  However, there is no dispute that Delanda earned some amount of overtime as the FOI.

2

2009, Delanda worked approximately 1,236 hours of overtime. See DUMF 7.[6] Delanda estimated that, since 2004, he worked between 8 and 12 hours per week on FOI matters. See Delanda Depo. 178:18-179:13. Delanda declares that he earned approximately $19,600 per year in overtime as the FOI. See Delanda Dec. ¶ 4. The overtime rate of pay is 1.5 times the normal hourly rate. DUMF 9. In July 2007, Delanda earned $29.75 per hour, but thereafter he periodically received raises. DUMF 10. As of May 31, 2009, his hourly rate of pay was $33.31. Id.

Delanda reapplied and interviewed for the FOI position in 2010. JUMF 3; Elliot Depo. 144:6-18. Delanda was not selected for the FOI position in 2010. JUMF 4.

## PARTIAL SUMMARY JUDGMENT FRAMEWORK

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. Pro. 56(a). This rule permits a court to dispose of less than an entire claim or defense, including a particular issue within a claim or defense, or a particular element of a claim or defense. See Barker v. Norman, 651 F.2d 1107, 1123 (5th Cir. 1981); Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc., 791 F.Supp.2d 626, 631-32 (E.D. Wis. 2011); Di Sandro v. Makahuena Corp., 588 F.Supp. 889, 892 (D. Haw. 1984); 11 Moore's Fed. Practice – Civil § 56.122[2] (3d ed. 2011). A motion for partial summary judgment, also known as summary adjudication, is resolved under the same standards as a motion for summary judgment. See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998); Barnes v. County of Placer, 654

---

[6] The County contends that the time/payroll records show that 47.88 hours of the 1,236 hours of overtime were related to FOI duties. See DUMF 7. This contention is based on the declaration of Vicki Passmore. Passmore declares that she reviewed information from Delanda's payroll records, which revealed the 1,236 and 47.88 figures. See Passmore Dec. ¶ 2. In reply, Delanda objects that Passmore's declaration violates the best evidence rule. Delanda also contends in a declaration that Passmore is mistaken because, until 2009, overtime hours related to FOI duties were coded as general overtime, and that he worked "hundreds of hours" on FOI matters. See Second Delanda Dec. ¶ 3. Delanda also asserts that the County has been promising to produce the time records since August 1, 2011, but as of December 6, 2011, the time records have not been produced. See Second Supp. Rogers Dec. ¶¶ 1-3 & Exs. 1-3. The County did not file a response to Delanda's objection. The Court finds Delanda's Rule 1002 objection persuasive, especially in light of the reply declaration and the County's failure to produce the pay records. Because Passmore's declaration is attempting to show the contents of writings, i.e. the time records, the Court will sustain the Rule 1002 objection. See Fed. R. Evid. 1002.

1  F.Supp.2d 1066, (E.D. Cal. 2009); Nyk Line v. Burlington N. & Santa Fe R.R. Co., 222
2  F.Supp.2d 1176, 1178 (C.D. Cal. 2002).
3       Summary judgment is appropriate when it is demonstrated that there exists no genuine
4  issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.
5  Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v.
6  American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004).  The party seeking summary
7  judgment bears the initial burden of informing the court of the basis for its motion and of
8  identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an
9  absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);
10 Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  A fact is "material" if it
11 might affect the outcome of the suit under the governing law.  See Anderson v. Liberty Lobby,
12 Inc., 477 U.S. 242, 248-49 (1986); United States v. Kapp, 564 F.3d 1103, 1114 (9th Cir. 2009).
13 A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to
14 return a verdict for the non-moving party.  Anderson, 477 U.S. at 248; Freecycle Sunnyvale v.
15 Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).
16      Where the moving party will have the burden of proof on an issue at trial, the movant
17 must affirmatively demonstrate that no reasonable trier of fact could find other than for the
18 movant.  Soremekun, 509 F.3d at 984.  Where the non-moving party will have the burden of
19 proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential
20 element of the non-moving party's claim or by merely pointing out that there is an absence of
21 evidence to support an essential element of the non-moving party's claim.  See James River Ins.
22 Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008); Soremekun, 509 F.3d at 984; Nissan Fire
23 & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000).  If a moving party fails
24 to carry its burden of production, then "the non-moving party has no obligation to produce
25 anything, even if the non-moving party would have the ultimate burden of persuasion."  Nissan
26 Fire, 210 F.3d at 1102-03.  If the moving party meets its initial burden, the burden then shifts to
27 the opposing party to establish that a genuine issue as to any material fact actually exists.  See
28 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire, 210

1  F.3d at 1103.  The opposing party cannot "'rest upon the mere allegations or denials of [its]
2  pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a
3  genuine issue for trial.'"  Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir.
4  2008).

5       The opposing party's evidence is to be believed, and all reasonable inferences that may be
6  drawn from the facts placed before the court must be drawn in favor of the opposing party.  See
7  Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d
8  1061, 1065 (9th Cir. 2003).  Nevertheless, inferences are not drawn out of the air, and it is the
9  opposing party's obligation to produce a factual predicate from which the inference may be
10 drawn.  See Sanders v. City of Fresno, 551 F.Supp.2d 1149, 1163 (E.D. Cal. 2008); UMG
11 Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004).  "A genuine issue of
12 material fact does not spring into being simply because a litigant claims that one exists or
13 promises to produce admissible evidence at trial."  Del Carmen Guadalupe v. Agosto, 299 F.3d
14 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007);
15 Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002).  Additionally, the
16 court has the discretion in appropriate circumstances to consider materials that are not properly
17 brought to its attention, but the court is not required to examine the entire file for evidence
18 establishing a genuine issue of material fact where the evidence is not set forth in the opposing
19 papers with adequate references.  See Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir.
20 2010); Gordon v. Virtumundo, Inc., 573 F.3d 1040, 1058 (9th Cir. 2009); Southern Cal. Gas Co.
21 v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Carmen v. San Francisco Unified Sch.
22 Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  If the nonmoving party fails to produce evidence
23 sufficient to create a genuine issue of material fact, the moving party is entitled to summary
24 judgment.  Nissan Fire, 210 F.3d at 1103.

**PLAINTIFF'S MOTION**

*Plaintiff's Motion*

28      Delanda argues that his removal from the FOI position constitutes an adverse

employment action. Overtime is considered compensation, and with the loss of the FOI position came the loss of overtime. Thus, the loss of the position resulted in a loss of compensation. Further, his removal from the position cost him prestige. Further, he loved the work, developed the program, and was furthering a career as an expert witness in force options. Under these circumstances, the loss of the FOI position would dissuade a reasonable employee from engaging in protected activity, and would impair a reasonable employee's job performance or prospects for advancement.

*Defendant's Opposition*

Relying heavily on *Thomas v. Department of Corrections*, 77 Cal.App.4th 507 (2000) and *Crady v. Liberty Nat. Bank and Trust Co.*, 993 F.2d 132 (7th Cir. 1993), the County argues that Delanda was not subjected to an adverse employment action under either FEHA or Title VII when he was removed from the FOI position. The position is an auxiliary position that is at will and carries no added benefits. Delanda lost no seniority, pay, or benefits, the removal was not disciplinary in nature, and Delanda's career was not impacted. Delanda has earned overtime both before and after his removal. Further, between September 2007 and May 31, 2009, the value of Delanda's overtime that was associated with the FOI position was $2,300, which, considering the time period involved, is an insubstantial sum.

*Legal Standard*

1.   42 U.S.C. § 2000e-3(a) – "Title VII"

Title VII prohibits, among other things, retaliation against an employee for filing a discrimination charge or otherwise participating in a Title VII proceeding. See 42 U.S.C. § 2000e-3(a); Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007). In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. Nilsson, 503 F.3d at 954. With respect to the second element – an adverse employment action – a plaintiff must show that a " reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable

worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006); see Lapka v. Chertoff, 517 F.3d 974, 985-86 (7th Cir. 2008). The reasonable employee standard is an objective standard that considers the context and particular circumstances surrounding the actions at issue. See White, 548 U.S. at 68-69. The impact of workplace actions "often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the [] acts performed." Id. at 69. "[A]n act that would be immaterial in some situations is material in others." Id.; Washington v. Ill. Dep't of Revenue, 420 F.3d 658, 661 (7th Cir. 2005). An adverse employment action must be significant, and trivial harms such as petty slights or minor annoyances are not actionable. White, 548 U.S. at 68. Examples of significant adverse actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Lapka, 517 F.3d at 986. While it has been held that job reassignments that do not involve loss of pay or promotion opportunities are " by and large" not adverse employment actions, Washington, 420 F.3d at 662, "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." White, 548 U.S. at 71.

  2. California Government Code § 12940 - "FEHA"

Government Code § 12940(h) prohibits retaliation against a person by an employer because "the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]." Cal. Gov. Code § 12940(h); Jones v. Department of Corrections & Rehabilitation, 152 Cal.App.4th 1367, 1380 n.4 (2007). FEHA retaliation and Title VII retaliation are quite similar. To establish retaliation, the plaintiff must make a prima facie showing that: (1) he engaged in a protected activity, (2) the employer subjected him to an adverse employment action, and (3) there was a causal link between the two. Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005); Jones, 152 Cal.App.4th at 1380. An "adverse employment action" under FEHA is an employment action

"that materially affects the terms, conditions, or privileges of employment, rather than simply . . . an adverse action or treatment that reasonably would deter an employee from engaging in protected activity." Yanowitz, 36 Cal.4th at 1051; Jones, 152 Cal.App.4th at 1380. Because retaliation claims are "inherently fact specific," the "determination of whether a particular action or course of conduct rises to the level of actionable conduct should take into account the unique circumstances of the affected employee as well as the workplace context of the claim." Yanowitz, 36 Cal.4th at 1052; Jones, 152 Cal.App.4th at 1380. Employees are protected under § 12940(h) "not only from so-called ultimate employment actions such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement . . . ." Yanowitz, 36 Cal.4th at 1054; Jones, 152 Cal.App.4th at 1380. However, "[m]inor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an objective perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable … ." Yanowitz, 36 Cal.4th at 1054; Jones, 152 Cal.App.4th at 1381. "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Thomas v. Department of Corrections, 77 Cal.App.4th 507, 511 (2000) (quoting Crady v. Liberty Nat. Bank and Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)); see also Patten v. Grant Joint Union High School Dist., 134 Cal.App.4th 1378, 1389-90 (2005).

*Discussion*

Delanda primarily relies on the fact that his removal from the FOI position resulted in a loss of overtime. Depending on the circumstances, the loss of opportunity to work overtime can amount to an adverse employment action. See Vance v. Ball State Univ., 646 F.3d 461, 475 (7th Cir. 2011) (citing Lewis v. City of Chicago, 496 F.3d 645, 654 (7th Cir. 2007)); Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ., 595 F.3d 1126, 1133 (10th Cir. 2010). Here, the evidence indicates that Delanda worked significant amounts of overtime on FOI matters - specifically

Delanda estimated that he worked 8 to 12 hours per week since 2004 on FOI matters. Further, Delanda testified that County officials indicated that overtime for FOI matters was intended to be an incentive, and that Delanda could actually do training on his days off as overtime. See Delanda Depo. 179:14-180:5. Thus, the evidence indicates that overtime pay associated with the FOI position was not sporadic or in the nature of a potential, unguaranteed bonus. Rather, the overtime was intended as an incentive for the FOI position and was regularly occurring. Cf. Lewis, 496 F.3d at 654. Moreover, at nearly $20,000 a year, the overtime pay as the FOI was substantial. While it is true that Delanda has opportunities to earn overtime in his current position, the County has failed to quantify the amount of overtime that is available. That is, there is no way for the Court to evaluate whether Delanda's current position provides sufficiently comparable opportunities to earn overtime. Under these circumstances, the loss of overtime associated with the FOI position constitutes an adverse employment action. See Vance, 646 F.3d at 475; Reinhardt, 595 F.3d at 1133.

Additionally, Delanda has presented other facts that suggest that his removal was an adverse employment action. Delanda has shown that the FOI position is a separate position, is a position for which the County interviews and considers applicants, and is a position that involves the training of County law enforcement personnel. Importantly, Delanda developed the training and curriculum for Force Options instruction, which incorporated various law enforcement techniques, actual training, and explanation of current and developing case law regarding the use of force. See Delanda Depo. 175:14-179:14. Up until his removal, Delanda continued to develop the program, and "kept up"/stayed current on best industry practices and on new case law. See id. at 177:1-179:14.

It is obvious that law enforcement officers encounter the public on a regular basis. It is also obvious that some of these encounters will require the use of force. Understanding what types of force options are available, how to safely and properly utilize a particular type of force, and when it is constitutionally appropriate to utilize a particular type of force are extremely important aspects of law enforcement. Cf. City of Canton v. Harris, 489 U.S. 378, 390 n.10 (1989) (discussing the obviousness of the need for training officers regarding the use of force in

the context of *Monell* liability); Davis v. Mason County, 927 F.2d 1473, 1483 (9th Cir. 1991) (same). Removing Delanda from the FOI position resulted in the loss of responsibility to train and instruct his fellow officers in this important area, as well as the loss of the responsibility to develop and update appropriate training materials and curriculum. See, e.g., Elliot Depo. 66:3-25. This is a significant loss of responsibility, and thus indicates an adverse employment action. Cf. Lapka, 517 F.3d at 986; Patten, 134 Cal.App.4th at 1389-90; Thomas, 77 Cal.App.4th at 511.

It is true that Delanda may pursue overtime opportunity in his current position, and it is true the FOI position was considered an auxiliary position that did not come with additional benefits or salary. However, there are numerous actions that may constitute adverse employment actions. The evidence shows a loss of regularly occurring and significant overtime (separate and apart from his current position in the juvenile probation department), and the loss of material job responsibilities. These are sufficient to establish that Delanda suffered an adverse employment action. See White, 548 U.S. at 68-71; Vance, 646 F.3d at 475; Reinhardt, 595 F.3d at 1133; Lapka, 517 F.3d at 986; Yanowitz, 36 Cal.4th at 1051-54; Patten, 134 Cal.App.4th at 1389-90; Thomas, 77 Cal.App.4th at 511.

## CONCLUSION

Delanda moves for partial summary judgment on a limited issue: whether his removal by the County from the position of FOI constitutes an adverse employment action for purposes of retaliation under Title VII and FEHA. Delanda's evidence establishes that the removal resulted in the loss of anticipated and regularly occurring overtime. The evidence also establishes that the removal resulted in the loss of several material job responsibilities – namely the development of training protocols and curriculum and training fellow officers in the use of force. The loss of overtime and of the material job responsibilities are substantial and significant. That Delanda did not suffer a loss of standard pay or benefits does not change the adverse effects of the removal. Partial summary judgment in favor of Deland is therefore appropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment on the issue of whether Delanda's removal from the FOI position constitutes an "adverse employment action" under Title VII and FEHA is GRANTED.

IT IS SO ORDERED.

Dated:   January 24, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE