IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY DELANDA, | ) | 1:10-cv-01857-AWI-SKO |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION |
| | ) | FOR RECONSIDERATION |
| v. | ) | |
| | ) | (Doc. 86) |
| COUNTY OF FRESNO, | ) | |
| DEPARTMENT OF PROBATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  INTRODUCTION

Defendant County of Fresno moves for reconsideration of the Court's order granting in part and denying in part its in limine motion to preclude plaintiff Anthony Delanda's designated expert Ron Martinelli from testifying at trial.  For reasons discussed below, the motion shall be denied.

## II.  FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to the order issued January 24, 2012 – *Delanda v. County of Fresno Dept. of Probation,* slip copy, 2012 WL 253190 (E.D.Cal. 2012) – for a partial chronology of the proceedings.  On September 30, 2010, plaintiff Anthony Delanda (hereinafter referred to as

"Plaintiff") filed his first amended complaint against defendant County of Fresno, Department of Probation, asserting four causes of action for retaliation in violation of 42 U.S.C. § 2000e-3(a), violation of California Government Code § 12940(h), failure to prevent retaliation and violation of the Public Safety Officers Procedural Bill of Rights Act, Cal. Gov. Code, §§ 3300 et seq.

On May 14, 2012, defendant County of Fresno (hereinafter referred to as "Defendant") filed a motion in limine to preclude Plaintiff's expert Ron Martinelli from testifying at trial, contending Plaintiff failed to provide a written report prepared and signed by Martinelli containing his opinions and the bases for forming them as required by Federal Rule of Civil Procedure 26(a)(2)(B).

At a hearing on June 1, 2012, the Court granted Defendant's motion in limine in part to preclude any testimony by Martinelli in his capacity as an expert witness. Nevertheless, the Court denied the motion in part to allow Martinelli to testify as a percipient witness.

On June 4, 2012, Defendant filed a motion for reconsideration of the Court's June 1, 2012 order, contending the Court should order complete preclusion of Martinelli as a witness.

### III.  LEGAL STANDARD

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j). Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment

under Federal Rule of Civil Procedure 59(e).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## IV. DISCUSSION

Defendant moves for reconsideration of the Court's June 1, 2012 order allowing Martinelli to testify as a percipient witness, contending Plaintiff designated Martinelli not as a percipient witness but as an expert witness.  As the sole basis for this contention, Defendant points to Plaintiff's corrected initial disclosures, dated January 28, 2011, wherein Martinelli is identified as a witness and the substance of his knowledge is described as "[p]ast and future earnings loss as a consequence of loss of status to testify as expert witness [sic]."  From this, Defendant asserts Plaintiff represented to Defendant that he would call Martinelli only as an expert and should therefore be prohibited from offering any percipient testimony by Martinelli.  Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds no merit to this argument.

Defendant essentially concedes the document identifying Martinelli as a witness, entitled "Plaintiff's Initial Disclosures [Corrected]," constituted an initial disclosure by Plaintiff.  Initial disclosures are governed by Federal Rule of Civil Procedure 26(a)(1), and Rule 26(a)(1) "applies to fact witnesses[.]" *Tumbling v. Merced Irrigation District,* slip copy, 2010 WL 1904836 (E.D.Cal. 2010), at *2; *see Tribble v. Evangelides,* 670 F.3d 753, 759 (7th Cir. 2012) ("Rule 26(a)(1) requires . . . the disclosure of the names and addresses of fact witnesses").  Thus, by listing Martinelli as a witness in his initial disclosures, Plaintiff necessarily identified Martinelli as a fact (i.e., percipient) witness "likely to have discoverable information . . . that the disclosing party may use to support its

claims or defenses" under the initial disclosure standard.  Fed. R. Civ. P. 26(a)(1)(A)(i).

That the disclosures stated Martinelli would testify as an expert witness meant nothing more than that Plaintiff had *also* identified Martinelli as a proposed expert.  In the Court's view, this is so because, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any [expert] witness it may use at trial[.]" Fed. R. Civ. P. 26(a)(2)(A); *see Tribble, supra,* 670 F.3d at 759 ("Rule 26(a)(2) requires that expert witnesses be disclosed.  That duty to disclose a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness" (emphasis original)).  Plaintiff was required to designate Martinelli as an expert witness if he intended to call Martinelli as an expert, and the fact Plaintiff did so in his initial disclosures is no justification for excluding Martinelli's percipient testimony where, as here, the disclosures comport with the requirements of Rule 26(a)(1).

## V.  DISPOSITION

Based on the foregoing, Defendant's motion for reconsideration is DENIED.  The hearing date of Friday, June 8, 2012 remains and counsel are expected to make telephonic appearances.

IT IS SO ORDERED.

Dated: ___June 7, 2012___                    _____
                                             CHIEF UNITED STATES DISTRICT JUDGE

4